UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE BAIL PROJECT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00862-JPH-MJD |
| | ) | |
| COMMISSIONER, INDIANA DEPARTMENT | ) | |
| OF INSURANCE, | ) | |
| | ) | |
| Defendant. | ) | |

**SCHEDULING ORDER**

To prepare this matter  for resolution of Plaintiff's Motion for Preliminary Injunction

[Dkt. 6], the Court hereby establishes the deadlines set forth below and orders as follows:

1.  Discovery shall commence immediately.

2.  The parties shall serve requests for production, along with any interrogatories
    or requests for admissions, focused upon the issues to be addressed during
    the preliminary injunction briefing, by no later than **May 20, 2022**. The
    parties shall serve any objections to such requests on or before **May 23,
    2022**, and (subject to such objections until resolved) shall fully respond to
    such discovery requests on or before **May 27, 2022**, to include the
    production of any documents requested and the logging of any privileged or
    other documents withheld from production.

3.  No nonparty discovery relating to the preliminary injunction motion is
    anticipated by either party.

4.  All discovery requests and responses pursuant to this order shall be
    served by electronic means with same-day confirmation of receipt.

5.  On or before **May 31, 2022**, the parties shall file a list of the witnesses whose
    testimony that party would intend to offer with their preliminary injunction
    briefing.

6.  On or before **May 31, 2022**, each party shall file a list of the exhibits
    intended to be offered with their preliminary injunction briefing, and, to the

extent such information has not been previously produced, shall provide copies of all exhibits listed to opposing counsel by that date.

7.      Except as set forth in paragraph 8 below, Plaintiff may conduct no more than two depositions in preparation for the preliminary injunction briefing, and Defendant may conduct no more than two depositions in preparation for the preliminary injunction briefing. Each such deposition shall last no more than three hours. All such depositions shall be completed on or before **June 3, 2022**. The parties shall work together to ensure the scheduling of the depositions in compliance with this order.

8.      On or before **June 1, 2022**, the parties shall exchange fully executed copies of any affidavits the parties expect to submit as part of their evidentiary submission in this matter. Notwithstanding the limitation set forth in paragraph 7 above, each party may depose any individual whose affidavit is disclosed pursuant to this paragraph. Each such deposition shall last no more than two hours (unless the deponent is one of the two designated pursuant to paragraph 7, in which event the deposition may last no more than three hours). All such depositions shall be completed on or before **June 3, 2022**. The parties shall work together to ensure the scheduling of the depositions in compliance with this order. Any supplemental affidavits shall be exchanged on or before **June 6, 2022**; such affidavits may only be made by an individual identified on the May 31, 2022 witness list.

9.      The Court does not anticipate taking any live testimony. Rather, at or before **1:00 p.m. (Eastern) on June 7, 2022**, each party shall file their evidentiary submission comprised of affidavits, deposition transcripts, and documentary exhibits. No witnesses may be offered that were not disclosed in the **May 31, 2022** witness lists. No exhibits may be offered that were not disclosed in the **May 31, 2022** exhibit lists. The parties' briefs discussed in paragraph 10 below may not cite or refer to any evidence not included in the **June 7, 2022** evidentiary submissions.

10.     On or before **June 7, 2022**, Plaintiff shall file a brief in support of Plaintiff's motion for preliminary injunction with specific citations to the factual record on file; Plaintiff's opening brief is limited to no more than twenty-five pages. Defendant may file a response to Plaintiff's opening brief on or before **June 17, 2022**; Defendant's response brief is limited to no more than twenty-five pages. Plaintiff may file a reply in support of its motion for preliminary injunction on or before **June 23, 2022**; Plaintiff's reply brief is limited to no more than twelve pages. It is the Court's intent to rule based upon the written submissions without an evidentiary hearing.

11.     Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information will be produced in its native format.

12.   In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

13.   If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will immediately request a telephonic status conference with the Magistrate Judge prior to filing any disputed motion to compel or for a protective order. This paragraph does not apply to any nonparty discovery served.

14.   Non-party subpoenas served pursuant to this order shall be deemed to have arisen out of a bona fide emergency as that term is used in Local Rule 45-1.

15.   Pursuant to Fed. R. Civ. P. 30(a)(2), the parties are hereby authorized to conduct a subsequent deposition, in the normal course of discovery, of any individual or entity deposed pursuant to this order.

16.   The parties are **prohibited from enlarging** any discovery or other deadline set forth in this order by agreement; all enlargements of time must be obtained by motion in compliance with Local Rule 6-1(c).

SO ORDERED.

Dated:   18 MAY 2022

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.